FENNEMORE CRAIG, P.C.
Mario C. Vasta (No. 033254)
Lyndsey Maasch (No. 035548)
2394 E. Camelback Rd., Suite 600
Phoenix, Arizona 85016-9077
Telephone: (602) 916-5000
Email: mvasta@fennemorelaw.com
Email: lmaasch@fennemorelaw.com

*Attorneys for Plaintiffs GoClips LLC and Z Keepers LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| GoClips LLC, a Florida limited liability company; and Z Keepers LLC, a Florida limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>Tools for the Trade, LLC, an Arizona limited liability company,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiffs, GOCLIPS LLC ("GoClips") and Z KEEPERS LLC ("Z Keepers"), for their Complaint against Defendant TOOLS FOR THE TRADE, LLC ("Tools for the Trade" or "Defendant"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs manufacture, market, sell and distribute patented devices used in anchoring sinks to the underside of hard countertop surfaces better known as *GoClips*®. Patented *GoClips*® products include the following sink anchors, also known as sink clips:



2. Defendant has in the past, and continues to unlawfully import into the United States, manufacture, market, sell, and/or distribute counterfeit sink clips in the United States that are substantially the same as Plaintiffs' patented *GoClips*® products. In addition, Defendant has infringed and misrepresented the origin of the counterfeit sink clamps using Plaintiff's trademark *GoClips*® and has unlawfully used Plaintiffs' trade dress consisting in part of the product usage images, marketing slogans, and inherently distinctive shape and design of Plaintiff's *GoClips* sink anchors in order to pass off the counterfeit sink clamps to the unwitting consuming public. Finally, Plaintiffs seek to enjoin Defendant's further import, marketing, sale and distribution of the counterfeit sink clamps, as well as enjoin Defendant's unlawful use of Plaintiff's *GoClips*® mark and trade dress in the United States.

**THE PARTIES**

3. Plaintiff Z Keepers is a Florida limited liability company. Z Keepers provides manufacturing services for sink-anchoring products for the granite countertop industry, including *GoClips*® products. Z Keepers and GoClips are collectively referred to herein as "Plaintiffs."

4. Plaintiff GoClips is a Florida limited liability company. GoClips is a distributor for sink-anchoring products for the granite countertop industry manufactured through Plaintiff Z Keepers.

5. Defendant Tools for the Trade is a company formed in Arizona. Tools for the Trade imports, exports, markets, sells, and distributes infringing counterfeit devices that are identical in appearance, form, and function to authentic *GoClips*® sink anchoring clips used to undermount sinks to countertop surfaces.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) insofar as this is a civil action for patent infringement arising under the *Patent Act*, 35 U.S.C. §§ 271 *et seq.,* and for trademark infringement and false designation of origin under sections 32 and 43 of the *Lanham Act*, 15 U.S.C. §§ 1051 *et seq*.

7. This Court has personal jurisdiction over Defendant because Defendant engaged in substantial and not isolated activity within Arizona consisting of the importing, marketing, sale, and distribution of devices that infringe the patents at issue in this Complaint and by infringing Plaintiff's registered trademark in Arizona.

8. Venue is proper in the District of Arizona pursuant to 28 U.S.C. §§ 1391(b)(1, 2) and 1400 insofar as (i) Defendant regularly conducts business in this District, (ii) a substantial part of the events giving rise to this action occurred in this District, and (iii) this case arises out of acts of infringement that Defendant committed within this District.

**FACTS COMMON TO THE CLAIMS PLED**

**<u>The '754 Patent</u>**

9. David Smith ("Smith") is a graduate of Georgia Institute of Technology and the inventor of *GoClips*® products. Smith spent decades in the home construction and remodeling industry, developing several products used by both professional installers and DYI project enthusiasts when anchoring sinks to countertops. Smith filed the application for his invention, described as "Sink Clamp and Methods," on or about December 10, 2014.

10. On November 28, 2017, U.S. Patent No. 9,828,754 (the "'754 patent"), was issued by the United States Patent and Trademark Office ("USPTO") in the name of David

Smith, entitled "Sink Clamp and Methods." A true copy of the '754 patent is attached as **EXHIBIT A**.

11. The '754 Patent describes and claims, among other things, a clamp and clamping method for undermounting a sink to a hard surface. All rights, title, and interest in the '754 patent have been assigned to Z Keepers as recorded with the USPTO.

12. Prior to patent grant, GoClips' product packaging was marked "Patent Pending" to notify buyers of the pending patent application. Following the USPTO's issuance of the '754 patent, GoClips' product packaging was modified to reflect the patent number issued by the USPTO, and *GoClips*® have been so marked ever since.

13. Plaintiff GoClips has been granted marketing, sale and distribution rights for the invention claimed in the '754 patent.

14. Plaintiffs manufacture, market, sell and distribute *GoClips*® devices, which duly embody the claims of the '754 patent, including those depicted in paragraph 1 above.

**Plaintiff's GoClips® Trademark and Trade Dress**

15. On May 19, 2015, Plaintiff Z Keepers obtained registration with the USPTO of the trademark "GoClips." See USPTO registration number 4,739,200, a copy of which is attached hereto as **EXHIBIT D**. Plaintiff GoClips has been granted rights to this mark to facilitate the promotion, marketing, and sale of the *GoClips*® devices for Plaintiff Z Keepers.

16. Prior to December 13, 2014, no market participant had used the mark "GoClips" in connection with undermount sink clamping devices. Since as early as December 13, 2014, Plaintiffs have exclusively and continuously thereafter used the

GoClips mark in connection with their promotion, marketing, sale, and distribution of the GoClips devices.

17. Plaintiffs have advertised, marketed, and otherwise promoted the *GoClips*® undermount sink anchors in print media, on the internet (*see e.g.*, https://www.youtube.com/watch?v=lxJU5LH8MkQ, http://www.goclips.com/, and https://www.amazon.com/GoClips-5-Second-Anchors-Undermount-Sinks/dp/B00YT822FU/ref=sr_1_2?crid=NCCDZ3GVOLE2&keywords=goclips&qid=1692206302&sprefix=goclips%2Caps%2C119&sr=8-2), as well as at tradeshows and through their distribution network. By virtue of Plaintiffs' promotion of the *GoClips*® products, they have become well known in the industry as associated with Plaintiffs, earning Plaintiffs valuable and residual goodwill and reputation in the minds of industry participants for being the source for *GoClips*® devices.

18. Plaintiffs have established unique marketing for *GoClips*® products which consists of a combination of images and video clips showing these *GoClips*® devices in use in different installation settings, employing the advertising slogan "5 second anchors", and certain distinctive advertising verbiage on their ease of use. Examples are:

GOCLIPS®
5 Second Anchors







19. *GoClips*® devices are slot-based sink anchors or sink clamps which provide granite manufacturers and installers, home improvement companies, plumbers, and do-it-yourself (DIY) consumers with a novel way to securely undermount sinks to granite, stone, and other hard countertop surfaces, quickly, easily, and inexpensively, without interfering

with under cabinet storage space. Because of their reliability, ease and speed of use, strength, nominal profile, and low cost, *GoClips*® devices quickly gained a foothold among countertop manufacturers and installers, plumbers, sink installers, and DIY consumers as a secure, efficient, and low-cost way to undermount sinks to countertop surfaces.

20. Upon their launch, *GoClips* devises have been continuously sold in packages which were marked with the "*GoClips*" trademark. In addition, upon the USPTO granting the *GoClips* mark registration, the product packaging was updated to reflect the ® symbol following the *GoClips*® trademark.

**Infringing, Deceptive and Unfair Conduct by Tools For The Trade**

21. Defendant is a manufacturer, marketer and/or distributor of tooling and devices used in the fabrication and installation of granite and natural stone countertops. Defendant has established a manufacturing niche in the sink clip market space by copying the inventions of others, including Smith.

22. Defendant has imported, manufactured, marketed, sold and distributed knockoff devices which Defendant calls "Sun Clips," and which are substantially the same as the patented GoClips products, sourced from a manufacturing facility in the mainland of the People's Republic of China, depicted here:




23. In April 2024, Plaintiffs learned that Defendant was infringing Plaintiffs' patent and trademark and that Defendant was palming off Defendant's infringing Sun Clips as authentic *GoClips®* devices. Specifically, on or about April 17, 2024, Defendant palmed off the infringing Sun Clips depicted above by listing them as GoClips devices, as depicted in Defendant's invoice as follows:

Tools For The Trade
902 S 19th Ave

**Invoice**

| Date | Invoice # |
|---|---|
| 4/17/2024 | 17566 |

PAID 04/17/2024

Bill To

Ship To

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|---|---|---|---|---|---|---|
| | | AP | 4/17/2024 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|---|---|---|---|---|
| 50 | 40.9302 | GoClips Standard for up to 7/8' (25/bag) ZKGO-STD | 1.30 | 65.00T |
| 50 | 40.9308 | GoClips SS for Stainless steel rims (50pc/bag) ZKGO-SS | 1.30 | 65.00T |

24. Plaintiffs, through counsel, demanded that Defendant cease and desist its patent and trademark infringing conduct, and its deceptive and unfair trade practices. See demand letter attached as **<u>EXHIBIT E</u>**.

25. In response, Defendant promised to Plaintiffs that Defendant had immediately ceased and desisted from further importing, marketing, and selling the infringing SunClips products. In addition, Defendant entered into a distribution relationship with Plaintiff GoClips to resell authentic GoClips products.

26. In connection with the sale of authentic *GoClips*® devices, Defendant further listed GoClips on its building frontage as an authorized supplier *GoClips*® devices for Plaintiffs:






27. In addition, Defendant listed Plaintiffs' *GoClips*® products and product imaging along with Plaintiffs' marketing slogan "5 second anchors" on Defendant's e-commerce website:




GoClips Bathroom 5-Second An
Ask Gemini
toolsforthetrade.shop/products/goclips-ss-for-stainless-steel-rims-50pc-bag-zkgo-ss
All Bookmarks
TOOLS FOR THE TRADE
Search for products
602-675-0222
HOME
SHOP ALL
SHOP BY BRAND
SHOP BY CATEGORY
QUESTIONS?
ABOUT US
CONTACT US
GoClips Bathroom 5-Second Anchor
SKU: 40.9308
IN STOCK
Available for Local Pickup
Request information
Ready to work out of the box!
All tools are delivered with essential accessories and easy-to-follow instructions. Unbox and start your projects with confidence!
Need help?
Disclaimer: Actual product colors may vary slightly from the images shown due to


Home » GoClips Bathroom 5-Second Anchor
GoClips Bathroom 5-Second Anchor
SKU: 40.9308
IN STOCK
Available for Local Pickup
Request information
Ready to work out of the box!
All tools are delivered with essential accessories and easy-to-follow instructions. Unbox and start your projects with confidence!
Ask an expert!
Chat | Email | +602-675-0222
Disclaimer: Actual product colors may vary slightly from the images shown due to different monitor settings and lighting conditions during photo shoots.
Description
Go Clips Bathroom 5-Second Anchor
GoClips Slot-Based Anchors for Undermount Sinks Granite Marble Stone Quartz Countertops
Need help?


GoClips Kitchen 5-Second Anch
Ask Gemini
toolsforthetrade.shop/products/goclips-standard-for-up-to-7-8-25-bag-zkgo-std
All Bookmarks
TOOLS FOR THE TRADE
Search for products
Search
602-675-0222
HOME
SHOP ALL
SHOP BY BRAND
SHOP BY CATEGORY
QUESTIONS?
ABOUT US
CONTACT US
Warranty backed products
Industry leading quality
Secure payments
Home » GoClips Kitchen 5-Second Anchor
GoClips Kitchen 5-Second Anchor
SKU: 40.9302
IN STOCK
Available for Local Pickup
Request information
Ready to work out of the box!
All tools are delivered with essential accessories and easy-to-follow instructions. Unbox and start your projects with confidence!
Need help?


toolsforthetrade.shop/products/goclips-standard-for-up-to-7-8-25-bag-zkgo-std
All Bookmarks
GoClips Kitchen 5-Second Anchor
SKU: 40.9302
IN STOCK
Available for Local Pickup
Request information
Ready to work out of the box!
All tools are delivered with essential accessories and easy-to-follow instructions. Unbox and start your projects with confidence!
Ask an expert!
Chat | Email | +602-675-0222
Disclaimer: Actual product colors may vary slightly from the images shown due to different monitor settings and lighting conditions during photo shoots.
Description
GoClips Kitchen 5-Second Anchor
GoClips Slot-Based Anchors for Undermount Sinks Granite Marble Stone Quartz Countertops
Need help?

28. Within its website listings for *GoClips*® products, Defendant further used installation images and video, which were produced by Plaintiffs, as imbedded thumbnails in Defendant's GoClips product listings. See screen shots above of Defendant's on-line catalogue and attached as **EXHIBIT F**.

29. Defendant's representations to Plaintiffs were false, and Defendant's actions were intentionally designed to induce Plaintiffs not to prosecute Defendant's infringing conduct. Despite promising to cease and desist from selling the infringing SunClips, Defendant in secret willfully and intentionally used Plaintiff's mark *GoClips*®, Plaintiff's stylized logo, Plaintiff's marketing slogan "*5 second anchors*" and Plaintiff's installation images and video to continue to palm off Defendant's counterfeit replica "SunClips" when delivering product to unwitting consumers who were responding to Defendant's use of Plaintiffs mark, product images, and trade dress.

30. Defendant's misrepresentations and deceptive conduct above were knowing, willful, purposeful, and intentional. Plaintiffs in fact reasonably relied on Defendant's misrepresentations and deceptive conduct described in paragraphs above to Plaintiffs' detriment.

31. Defendant has continued to have manufactured, import into the United States, sell, and distribute the SunClips counterfeit devices to unwitting buyers within the United States. The counterfeit sink anchoring clamps, which Defendant has manufactured overseas, and imports, markets, and sells in the United States, embody each of the claims of the '754 patent. See **EXHIBIT A**.

32. In size, shape, and appearance, the knockoff devices that Defendant manufactures, imports into the United States, sells and distributes are the same in function and in form to authentic *GoClips*® devices. See Claim Chart attached as **EXHIBIT G**.

33. Defendant's misconduct described herein is knowing, willful, intentional and deliberate. Defendant has purposefully targeted GoClips' customers with Defendant's counterfeit sink anchors depicted above with a design to put Plaintiffs out of business.

34. Defendant has undercut Plaintiffs' marketing, sales and distribution efforts, sowing confusion in the United States by pumping counterfeit GoClips products into the United States' stream of commerce.

35. Defendant has taken unfair advantage of the goodwill that Plaintiffs have established with *GoClips*® products in the United States, in order to trade upon the trust consumers and market participants possess in the strength, speed and efficacy of authentic *GoClips*® products.

36. Upon information and belief, Defendant continues to violate Plaintiffs' rights with respect to the '754 patent and Plaintiffs' mark and trade dress, and continues to damage Plaintiffs by having manufactured overseas, importing into the United States, selling and distributing knockoff products, and Defendant's infringing conduct will continue if not enjoined.

37. Plaintiffs have been irreparably harmed by Defendant's misconduct.

38. Plaintiffs have retained counsel to represent them in this action and have agreed to pay said counsel a reasonable fee.

39. All requisite conditions for the filing of this action have occurred or have been waived by Defendant.

**COUNT I – INFRINGEMENT OF THE '754 PATENT**

40. Plaintiffs adopt by reference paragraphs 1 through 39 of this Complaint as though more fully set forth herein.

41. This is an action for patent infringement against Defendant pursuant to 35 U.S.C. §§ 271 *et seq.*

42. Defendant has willfully, deliberately, and intentionally infringed the '754 patent. Defendant's infringing conduct constitutes literal infringement of the '754 patent and infringement under the doctrine of equivalents.

43. On information and belief, Defendant intends to continue its infringing activities described herein.

44. Defendant's knockoff products are near identical copies of Plaintiffs' *GoClips*® devices, and Defendant's knockoff products have no alternate, non-infringing use.

45. Defendant has been placed on notice of the '754 patent and is on notice of Plaintiffs' *GoClips*® products and yet continues to infringe the '754 patent.

46. Defendant's infringing acts as described above have been without right, license, or permission from Plaintiffs.

47. Defendant's willful, deliberate, and intentional infringement of the '754 patent has caused the Plaintiff irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and loss of goodwill, in an amount to be determined at trial.

48. Defendant's willful, deliberate, and intentional infringement of the '754 patent entitles the Plaintiffs to recover, among other things, their treble damages, and reasonable attorneys' fees and costs under 35 U.S.C. §§ 284 and 285.

49. Plaintiffs have no adequate remedy at law without the intervention of this Court and monetary damages alone are insufficient to compensate Plaintiffs. Accordingly, in addition to damages, Plaintiffs are entitled to preliminary and/or permanent injunctive relief.

**COUNT II – TRADEMARK AND TRADE DRESS INFRINGEMENT**

50. Plaintiffs adopt by reference paragraphs 1 through 49 of this Complaint as though more fully set forth herein.

51. This is an action against Defendant for trademark infringement under section 1114 of the *Lanham Act*.

52. Following registration as pled above, Plaintiffs have used the *GoClips*® mark for more than five years continuously, and the mark is therefore incontestable.

53. Through its mark *GoClips*®*,* Plaintiffs have gained a reputation as offering a robust, secure, fast, easy, and low cost means of undermounting sinks in the residential and commercial construction, improvement, and remodeling marketplace. Through their advertising, marketing, product images, and elegant product designs, Plaintiffs have created a unique trade dress for selling *GoClips*® products to the consuming public.

54. Defendant engaged in willful, deliberate, and intentional infringement of the *GoClips*® mark by importing, marketing, sale and distribution of counterfeits of Plaintiffs' devices, copying Plaintiffs' trade dress, and thereafter selling and distributing these

counterfeit devices that were nearly identical to authentic GoClips using Plaintiffs' registered trademark *GoClips*®, and using Plaintiffs' trade dress in an effort to cloak Defendant's counterfeit devices as authentic *GoClips*® devices.

55. By marketing, selling and distributing counterfeit devices under the *GoClips*® mark, in which the counterfeit product uses identical designs, marketing slogans, product images and video, and then substituting Defendant's counterfeit products into the stream of commerce, Defendant has violated the Lanham Act, 15 U.S.C. §§ 1114.

56. Defendant's acts described above constitute materially false representations of fact that are likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, affiliation, or approval of Defendant's goods in violation of the Lanham Act.

57. Defendant is willfully offering for sale and selling counterfeit devices that infringe Plaintiffs' trademark and trade dress in order to benefit from Plaintiffs' mark, goodwill and reputation. Defendant is also falsely creating an association between Defendant's counterfeit devices and Plaintiffs' authentic *GoClips*® devices.

58. Defendant's acts as described above are willful, purposeful and intentional, and have been without right, license, or permission from Plaintiffs.

59. Defendant's willful, deliberate, and intentional infringement of Plaintiffs' *GoClips*® trademark and trade dress has caused Plaintiffs irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and damage to goodwill, in an amount to be determined at trial.

60. On information and belief, Defendant intends to continue its infringing activities described herein.

61. Because of Defendant's infringement of Plaintiffs' trademark and counterfeiting, Plaintiffs are entitled to recover, among other things, their treble damages and reasonable attorneys' fees and costs under 15 U.S.C. §§ 1114 and 1117.

62. Pursuant to 15 U.S.C. § 1118, Plaintiffs are entitled to a judgment seizing and mandating the destruction of Defendant's infringing articles.

63. Plaintiffs have no adequate remedy without the intervention of this Court and monetary damages are insufficient to compensate Plaintiffs. Accordingly, Plaintiffs are entitled to preliminary and/or permanent injunctive relief pursuant to 15 U.S.C. § 1116.

**COUNT III - LANHAM ACT VIOLATION: FALSE DESIGNATION OF ORIGIN**

64. Plaintiffs adopt by reference paragraphs 1 through 63 of this Complaint as though more fully set forth herein.

65. This is an action against Defendant for false designation of origin under section 1125(a) of the *Lanham Act*.

66. Following registration, Plaintiffs have used the *GoClips*® mark for more than five years continuously, and the mark is therefore incontestable.

67. Through its mark, *GoClips*®*,* Plaintiffs have gained a reputation as offering a robust, secure, fast, easy, and low cost means of undermounting sinks in the residential and commercial construction, improvement, and remodeling marketplace. Through their use of the mark, their advertising, marketing slogans, product images, and elegant product designs, Plaintiffs have created a unique trade dress for selling *GoClips*® products to the consuming public.

68. Defendant engaged in willful, deliberate, and intentional importing, marketing, sale and distribution of counterfeits of the *GoClips*® device, copying Plaintiffs' trade dress and, thereafter, Defendant marketed, sold and distributed these counterfeit devices that were nearly identical to authentic GoClips using Plaintiffs' registered trademark *GoClips*®, to falsely designate the origin of the counterfeit devices that Defendant was selling and delivering to the unsuspecting consuming public.

69. By using the *GoClips*® mark, and then marketing, selling and distributing counterfeit devices with identical designs, using Plaintiffs' *GoClips*® trademark, marketing slogan, and product images and video and then substituting Defendant's knockoff products into the stream of commerce, Defendant has caused and is likely to continue to cause confusion, mistake, deception, or misunderstanding with the consuming public as to the source, origin, sponsorship, affiliation, or approval of Defendant's goods, and Defendant has engaged in unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

## **PRAYER FOR RELIEF AS TO ALL COUNTS**

WHEREFORE, Plaintiffs respectfully request that this Court:

(i) Enter judgment in favor of Plaintiffs and against Defendant for the infringement of the '754 patent;

(ii) Enter judgment in favor of Plaintiffs and against Defendant for willfully infringing the '754 patent;

(iii) Enter judgment in favor of Plaintiffs and against Defendant for damages for patent infringement under 35 U.S.C. § 284, pre and post judgment interest, and awarding Plaintiffs recovery of their costs;

(iv) Award Plaintiffs enhanced damages under 35 U.S.C. § 284 for Defendant's willful infringement of the '754 patent;

(v) Award Plaintiffs recovery of their costs for bringing this lawsuit, including litigation expenses, and expert witness fees as the prevailing party;

(vi) Enter an order declaring this case exceptional under 35 U.S.C. § 285 and a judgment in favor of Plaintiffs requiring Defendant to pay Plaintiffs reasonable attorneys' fees, litigation expenses, expert witness fees, and costs;

(vii) Enter judgment in favor of Plaintiffs and against Defendant's infringement of Plaintiffs' trademark *GoClips*®.

(viii) Enter judgment in favor of Plaintiffs and against Defendant for counterfeiting Plaintiffs' devices under Plaintiffs' trademark *GoClips*®.

(ix) Enter judgment in favor of Plaintiffs and against Defendant for damages for trademark infringement and unfair competition under 15 U.S.C. § 1117(a), lost profits, pre and post judgment interest, and awarding Plaintiffs recovery of their costs.

(x) Award Plaintiffs treble damages under 15 U.S.C. § 1117(b) for Defendant's violation of 15 U.S.C. § 1114(1)(a) for counterfeiting.

(xi) Enter an order declaring this case exceptional under 15 U.S.C. § 1117 and a judgment in favor of Plaintiffs requiring Defendant to pay Plaintiffs' reasonable attorneys' fees, litigation expenses, expert witness fees, and costs.

(xii) Enter an order preliminarily enjoining and a judgment permanently enjoining Defendant, Defendant's employees, affiliates, subsidiaries, franchisees, distributors and all persons and entities acting in concert with the Defendant, or on behalf of the Defendant, from making, importing, marketing, using, offering for sale, selling and distributing the counterfeit products and any other product that infringes any claim of the '754 patent;

(xiii) Enter an order preliminarily enjoining and a judgment permanently enjoining Defendant, Defendant's officers, agents, employees, affiliates, subsidiaries, franchisees, distributors and all persons and entities acting in concert with the Defendant, or on behalf of the Defendant from using Plaintiffs' registered trademark *GoClips*®, from false designation of origin and palming off counterfeit devices on the consuming public, and engaging in the deceptive and unfair trade practices described above, and mandating the destruction of infringing articles pursuant to 15 U.S.C. §§ 1117-1118.

**JURY TRIAL DEMAND**

Plaintiffs demand trial by jury on all issues so triable.

DATED this 2nd day of September, 2026.

FENNEMORE CRAIG, P.C.

By: */s/ Lyndsey Maasch*
Mario C. Vasta
Lyndsey Maasch
*Attorneys for Plaintiffs GoClips LLC and Z Keepers LLC*